Submitted on record and brief July 6, affirmed September 27, 2006

# Marci A. DiCARLO,
*Respondent,*

*v.*

# Randy McCARTHY,
*Appellant.*

## 18-05-08164; A128788

145 P3d 178

James A. Palmer filed the brief for appellant.

No appearance for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega,* Judges.

_____

* Ortega, J., *vice* Richardson, S. J.

LANDAU, P. J.

## LANDAU, P. J.

Petitioner obtained a civil stalking protective order (SPO) against respondent. Respondent appeals, arguing that petitioner failed to establish facts sufficient to support the issuance of an SPO. We affirm.

We review the facts *de novo*. *Hanzo v. deParrie*, 152 Or App 525, 537, 953 P2d 1130 (1998). On April 15, 2005, petitioner drove to the grocery store in her boyfriend's truck. After shopping, respondent accosted her as she was returning to the truck. Respondent, a former coworker of petitioner's boyfriend, recognized the truck. Apparently, respondent's employer had lent petitioner's boyfriend money to pay for new tires on the truck, and her boyfriend never repaid the loan. Respondent got out of his own vehicle and approached petitioner, asking whether the truck was hers. She replied that it was, at which point respondent approached her, yelling "those tires on that truck are mine." Respondent said to petitioner, "I'm going to fuck you up, I'm going to fuck your old man up, and I'm going to fuck your truck." He added, "I'll get you, I'll find you, it's a small town." In the process, respondent slammed his hand down on the windshield of the truck, bending the windshield wiper. Petitioner immediately called 9-1-1 and expressed fear for her safety to the operator. Respondent drove away.

Three days later, on April 18, petitioner noticed respondent driving by her house. She said that she was not afraid at the time, because people were in the house with her. The following day, however, petitioner saw respondent drive by her house at least four different times. She was so frightened that she telephoned the police. Shortly thereafter, she filed a petition for an SPO.

At the hearing, petitioner testified to the foregoing facts. Respondent testified that, although he did question petitioner on April 15 about paying for the tires on her boyfriend's truck, he did not threaten her. He said that the windshield on the truck had been damaged months before and that he did no harm to it during his encounter at the grocery store. He admitted that he drove by her house. He explained

that he had driven by to inspect a lot nearby for work purposes; he said that he needed to dig test pits for septic approval. The trial court found that respondent had engaged in reckless conduct warranting the issuance of an SPO of indefinite duration.

Respondent appeals, arguing that the facts adduced at the hearing were legally insufficient to support the issuance of the SPO. According to respondent, the confrontation at the grocery store involved speech alone, which he argues cannot support the issuance of an SPO because it did not reasonably put petitioner in immediate fear of serious harm. As for his driving by petitioner's home the following week, respondent argues that he had a legitimate employment purpose, which should preclude the contacts from being considered sufficient for SPO purposes.

■ ORS 30.866(1) provides that a court may issue a civil SPO against a person if

"(a)  The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(b)  It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(c)  The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

If the contact at issue involves speech, the Oregon Supreme Court has recognized that Article I, section 8, of the Oregon Constitution requires that the person requesting the SPO establish that the contact constitutes a threat that "instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts." *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999).

■ In this case, on *de novo* review, we concur in the trial court's acceptance of petitioner's version of the facts. Thus, the April 15 incident at the grocery store was not merely a

matter of verbal communication. As respondent yelled threats at petitioner, he slammed his hand down on the windshield of her truck and damaged it while she was sitting inside. That is an act of more than constitutionally protected speech. In any event, respondent's verbal communications were overtly threatening, and they reasonably put petitioner in fear of immediate and serious personal violence from respondent.

The subsequent contacts did not involve speech. Rather, they involved repeated instances of driving by petitioner's home. Respondent contends that he had driven by only to perform legitimate, work-related tasks. The trial court apparently did not believe respondent, and, on *de novo* review, we do not either. Petitioner identified at least five instances in which she observed respondent drive by her home during a two-day period, and respondent's explanation does not account for all of those instances. Petitioner testified that the repeated conduct caused her fear. That fear was objectively reasonable, particularly in light of respondent's earlier threat in which he stated, "I'll get you, I'll find you, it's a small town."

Affirmed.